UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  -vs-<br><br>ANTHONY L. LAWRENCE,<br><br>                  Defendant. | NOS.  CR-08-0177-WFN-1<br>        CV-10-0297-WFN<br><br>ORDER |

Before the Court is Mr. Anthony Lawrence's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed September 9, 2010 (ECF No. 132). Previously, this Court stayed the Motion because of the pendency of Mr. Lawrence's appeal, and then lifted the stay once the Ninth Circuit filed the Mandate and no writ of certiorari was filed (ECF Nos. 134 and 146). After the Court lifted the stay, the Government responded to the Motion (ECF No. 151). For the reasons stated below, the Court denies Mr. Lawrence's § 2255 Motion.

**BACKGROUND**

On the evening of February 26, 2008, Mr. Lawrence went out with some friends, including Cary Reaves and Robert Smith, to the Puerto Vallarta Mexican Restaurant and lounge. Mr. Lawrence's group had an argument with other patrons, including Ryan Robinson and Lawrence "Randy" Russ. Mr. Lawrence became upset, believing that Mr. Robinson or Mr. Russ had been physically inappropriate with his girlfriend, Kimberley Davis. During trial, Mr. Reaves testified that after Mr. Lawrence became upset, he told his friend, Robert Smith, to go and get "the thing" from Mr. Lawrence's residence. Mr. Reaves knew that Mr.

ORDER - 1

Lawrence was referring to a firearm. Mr. Smith then went to Mr. Lawrence's house and collected a pistol. After returning to Puerto Vallarta, Smith left the firearm in the truck. The parties then went their separate ways.

Later that evening, Mr. Lawrence, Mr. Reaves and Mr. Smith drove into the parking lot area of a 7-11 and saw Mr. Robinson and Mr. Russ. Another argument ensued. Mrs. Russ, who remained in the truck, testified that she saw Mr. Lawrence with a firearm in his waistband. Mr. Reaves and Mr. Robinson went to the side of the 7-11 to fight. Mr. Lawrence and Mr. Russ trailed behind them. Mr. Reaves then took a swing at Mr. Russ and missed. Mr. Reaves then approached Mr. Robinson, and Mr. Robinson punched Mr. Reaves. As Mr. Reaves went to the ground, Mr. Robinson was immediately shot in the back.

Numerous people testified that the shot came from Mr. Lawrence's position behind Mr. Robinson. Mr. Robinson testified that when he was shot in the back, Mr. Russ and Mr. Smith were to his left, while Mr. Lawrence was behind him. Similarly, Mr. Smith testified that the shot came from the right of him while Mr. Reaves was on the ground. Although Mr. Lawrence claimed that he was not the shooter, there was considerable evidence submitted that showed Mr. Lawrence, at a minimum, had possessed the firearm.

## DISCUSSION

In his Motion, Mr. Lawrence contends that he was incorrectly sentenced pursuant to the Armed Career Criminal Act because the evidence did not show that he actually possessed a firearm on the evening that Mr. Robinson was shot. Specifically, Mr. Lawrence argues (1) that Mr. Reaves, rather than Mr. Lawrence, was in possession of the firearm on or about February 26, 2008, (2) that there was insufficient evidence to prove that Mr. Lawrence actually or constructively possessed the firearm in question, (3) that defense counsel was incompetent for failing to challenge the sufficiency of the firearm possession evidence, and (4) that during sentencing this Court did not find Mr. Lawrence possessed the firearm.

ORDER - 2

The Court begins by noting that the Ninth Circuit recently affirmed this Court's conclusion that Mr. Lawrence is an armed career criminal. *United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010). The Court will address Mr. Lawrence's claims in turn. First, Mr. Lawrence claims that Mr. Reaves, rather than Mr. Lawrence, was in possession of the firearm that evening. Mr. Lawrence's argument necessitates that only one person can be in possession of a firearm in a given evening. This is plainly incorrect. More than a single person can be in possession of a firearm over a period of hours. In fact, more than one person can be in possession of a firearm at the same time. As the current, relevant Ninth Circuit model instruction states, "[m]ore than one person can be in possession of something if each knows of its presence and has the power and intention to control it" (2011 Ninth Circuit Model Criminal Jury Instruction 3.17). The Court notes that this instruction is the same instruction that the Court used during Mr. Lawrence's trial (ECF No. 73 at 9).

Addressing Mr. Lawrence's second claim, that there was insufficient evidence to prove that he actually or constructively possessed a firearm, the Court disagrees. As discussed above, there was significant evidence that Mr. Lawrence possessed the firearm. Consequently, Mr. Lawrence's third claim, that defense counsel was deficient for failing to challenge the sufficiency of the possession evidence, also fails. The evidence was clearly sufficient, so counsel's performance did not fall below an objective standard of reasonableness by failing to claim that the possession evidence was insufficient. *Strickland v. Washington*, 466 U.S. 668, (1984).

Mr. Lawrence's fourth claim, that during sentencing this Court did not find Mr. Lawrence possessed the firearm, is misguided. First, it was the jury that concluded that Mr. Lawrence was guilty of the offense of being a felon in possession of a firearm (ECF No. 76). Second, at sentencing the Court found that a four point enhancement was warranted because Mr. Lawrence possessed the firearm in connection with another felony (ECF No. 131 at 18). In sum, Mr. Lawrence's claims fail.

ORDER - 3

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Lawrence's Motion under 28 U.S.C. § 2255, filed September 9, 2010, **ECF No. 132**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to Mr. Lawrence and to the United States Attorney in Spokane, Washington;
- Inform the Ninth Circuit Court of Appeals that if the Petitioner files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, CV-10-0297-WFN.

**DATED** this 11th day of June, 2012.

05-31-12

                s/ Wm. Fremming Nielsen
                WM. FREMMING NIELSEN
                SENIOR UNITED STATES DISTRICT JUDGE